UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK ALEXANDER BOKIN,<br><br>            Plaintiff,<br><br>   v.<br><br>CALIFORNIA DEPARTMENT OF<br>CORRECTIONS, et al.,<br><br>            Defendants. | CV F- 04-6078 AWI DLB P<br><br>ORDER DISMISSING COMPLAINT<br>WITH LEAVE TO AMEND |

      Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. section 1983. Pending before the Court is the complaint, filed August 11, 2004.

      The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

1  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2); 28
2  U.S.C. § 1915(e)(2).  If the Court determines that the complaint fails to state a claim, leave to amend
3  may be granted to the extent that the deficiencies of the complaint can be cured by amendment.
4  Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).
5  Allegations of the Complaint
6       In the instant case, plaintiff brings action against Director J. Woodford, Warden Scribner,
7  Captain Lowry, and Officers Akdicon and Peck.
8       Plaintiff alleges that when he arrived at Corcoran State Prison, he had two boxes of personal
9  property, including a new RCA television.  Shortly thereafter, he received a property notice from
10  defendant Adkicon advising plaintiff that he had to dispose of two boxes of personal property as it
11  was not allowed in the Security Housing Unit ("SHU").  Plaintiff states that he submitted a trust
12  account withdrawal slip to have his property sent home but half of his property was "given away" to
13  other inmates.
14       The Due Process Clause protects prisoners from being deprived of property without due
15  process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and prisoners have a protected
16  interest in their personal property.  Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974).  However, the
17  provision for certain procedural protections under state law does not work to enlarge plaintiff's rights
18  under federal law.  See Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997).  Thus,
19  plaintiff's allegations concerning defendants' failure to follow the proper policies and procedures
20  concerning his personal property do not support a claim for relief under section 1983.  Further,
21  plaintiff has state law remedies available to him with respect to the property deprivation, and as a
22  result, his claim does not constitute a violation of the procedural requirement of the Due Process
23  Clause of the Fourteenth Amendment.  Hudson v. Palmer, 468 U.S. 517, 530-34 (1984); Barnett v.
24  Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994).
25       In addition, plaintiff has failed to state a claim against the supervisorial defendants
26  Woodford, Scribner and Lowry.  Under section 1983, liability may not be imposed on supervisory
27  personnel for the actions of their employees under a theory of respondeat superior.  When the named
28

1  defendant holds a supervisorial position, the causal link between the defendant and the claimed
2  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th
3  Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).
4  To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some
5  facts indicating that the defendant either: personally participated in the alleged deprivation of
6  constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or
7  "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and
8  is 'the moving force of the constitutional violation.'"  Hansen v. Black, 885 F.2d 642, 646 (9th Cir.
9  1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Although
10 federal pleading standards are broad, some facts must be alleged to support claims under section
11 1983.  See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).  Plaintiff does
12 not allege any facts linking defendant Woodford, Scribner or Lowry to an act or omission that rises
13 to a level of a constitutional violation.

Leave to file Amended Complaint

15     In summary, the Court finds it necessary to dismiss the complaint in its entirety.  The Court
16 will grant plaintiff an opportunity to amend to cure the deficiencies of this complaint, provided that
17 plaintiff can allege additional facts in good faith to state a claim.  Failure to cure the deficiencies will
18 result in dismissal of this action without leave to amend.

19     If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions
20 complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy,
21 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named
22 defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some
23 affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v.
24 Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy,
25 588 F.2d 740, 743 (9th Cir. 1978).

26     In addition, plaintiff is informed that the Court cannot refer to a prior pleading in order to
27 make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended

1  complaint be complete in itself without reference to any prior pleading. This is because, as a
2  general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d
3  55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer
4  serves any function in the case. Therefore, in an amended complaint, as in an original complaint,
5  each claim and the involvement of each defendant must be sufficiently alleged.
6        In accordance with the above, IT IS HEREBY ORDERED that:
7            1. Plaintiff's complaint is dismissed; and
8            2. Plaintiff is granted thirty days from the date of service of this order to file an
9  amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of
10 Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket
11 number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original
12 and two copies of the amended complaint; failure to file an amended complaint in accordance with
13 this order will result in dismissal of this action for failure to state a claim and failure to comply with
14 the court's order.
15      IT IS SO ORDERED.
16   Dated:   **October 26, 2006**                    **/s/ Dennis L. Beck**
     3c0hj8                                          UNITED STATES MAGISTRATE JUDGE