# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK ALEXANDER BOKIN,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>    Defendants. | CV F- 04-6078 AWI DLB P<br><br>FINDINGS AND RECOMMENDATIONS RE DISMISSAL OF CERTAIN CLAIMS |

    Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. section 1983. Pending before the Court is the amended complaint, filed January 8, 2007.

    The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

1 monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2); 28
2 U.S.C. § 1915(e)(2).  If the Court determines that the complaint fails to state a claim, leave to amend
3 may be granted to the extent that the deficiencies of the complaint can be cured by amendment.
4 Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

5       Plaintiff brings action against Wardens Knowles, Scribner and Sherman, Captain Emigh,
6 Officers Winkler, Reyes, Rocha, Akdicon, Lowry and Peck.

7       Plaintiff alleges that he was placed in the Security Housing Unit in violation of his due
8 process rights as the disciplinary violation he received was not a SHU punishable offense.  Plaintiff
9 contends he has a protected liberty interest in avoiding confinement in the SHU based on the
10 conditions therein which are atypical and significant.  He alleges that defendants Knowles, Scribner,
11 Sherman, Winkler, Emigh and Reyes were involved in his SHU placement and are therefore
12 responsible for the denial of his due process rights.  Plaintiff's allegations are sufficient to state a
13 cognizable claim against these defendants for violation of his due process rights.

14       In his amended complaint, plaintiff again alleges that his personal property was given away
15 by defendants Akdicon and Peck.  As plaintiff was previously advised, the Due Process Clause
16 protects prisoners from being deprived of property without due process of law, Wolff v. McDonnell,
17 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property.  Hansen
18 v. May, 502 F.2d 728, 730 (9th Cir. 1974).  However, the provision for certain procedural
19 protections under state law does not work to enlarge plaintiff's rights under federal law.  See
20 Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997).  Thus, plaintiff's allegations
21 concerning defendants' failure to follow the proper policies and procedures concerning his personal
22 property do not support a claim for relief under section 1983.  Further, plaintiff has state law
23 remedies available to him with respect to the property deprivation, and as a result, his claim does not
24 constitute a violation of the procedural requirement of the Due Process  Clause of the Fourteenth
25 Amendment.  Hudson v. Palmer, 468 U.S. 517, 530-34 (1984); Barnett v. Centoni, 31 F.3d 813, 816-
26 17 (9th Cir. 1994).

27       Plaintiff has failed to link defendants Rocha and Lowry to any of the complained of conduct.
28

Plaintiff has not alleged facts linking defendants Rocha and Lowry to *any* acts or omissions and therefore the court recommends that these defendants be dismissed from the action. Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, No. 03-56712, 2007 WL 2445998, *5 (9th Cir. Aug. 30, 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also be setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

In summary, the court finds that plaintiff's allegations give rise to cognizable claims for relief under section 1983 against defendants Knowles, Scribner, Sherman, Winkler, Emigh and Reyes for violating plaintiff's due process rights. However, the court finds that plaintiff's allegations do not give rise to any claims for relief against defendants Rocha, Akdicon, Lowry or Peck. The court previously provided plaintiff with the opportunity to file an amended complaint and plaintiff was unable to cure deficiencies. Accordingly, it is HEREBY RECOMMENDED that:

1. This action proceed only against defendants Knowles, Scribner, Sherman, Winkler, Emigh and Reyes on plaintiff's Due Process claims; and
2. Plaintiff's claims against defendants Rocha, Akdicon, Lowry and Peck be dismissed for failure to state any claims upon which relief may be granted and these defendants be dismissed from this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, plaintiff may file written

objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 3, 2007**                    **/s/ Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE