# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK ALEXANDER BOKIN,<br><br>           Plaintiff,<br><br>      v.<br><br>A. SCRIBNER, et al.,<br><br>           Defendants.<br>_____/ | CASE NO. 1:04-cv-06078-AWI-DLB PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED<br><br>(Docs. 12)<br><br>OBJECTION DUE WITHIN THIRTY DAYS |

Plaintiff Jack Alexander Bokin ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action was filed on August 11, 2004.

On December 12, 2007, plaintiff filed a motion seeking preliminary injunctive relief. (Doc. 12). Plaintiff states that since filing this action, he has been subject to numerous cell searches and has had his personal property confiscated. Plaintiff alleges that there exists an underground policy to discourage inmates from challenging any and all aspects of prison life, and requests, *inter alia,* that the court order the individuals named in his motion to cease conducting arbitrary and capricious cell searches.

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1)

1  a combination of probable success and the possibility of irreparable harm, or (2) that serious
2  questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air
3  Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must
4  demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the
5  plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must
6  demonstrate a fair chance of success of the merits, or questions serious enough to require litigation."
7  Id.

8  Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must
9  have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103
10 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and
11 State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d
12 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has
13 no power to hear the matter in question. Id. "A federal court may issue an injunction *if* it has
14 personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may *not*
15 attempt to determine the rights of persons not before the court." Zepeda v. United States
16 Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

17 In this instance, this action is proceeding against defendants Knowles, Scribner, Sherman,
18 Winkler, Emigh and Reyes for violation of plaintiff's due process rights. (Doc. 11). The court does
19 not have jurisdiction in this action to issue the order sought by plaintiff, as the case or controversy
20 requirement cannot be met in light of the fact that the individuals named in plaintiff's motion are not
21 parties to this action and not otherwise before the court. Zepeda.

22 Therefore, the court HEREBY RECOMMENDS that plaintiff's motion for preliminary
23 injunctive relief, filed December 12, 2007, be DENIED.

24 These Findings and Recommendations will be submitted to the United States District Judge
25 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30)**
26 **days** after being served with these Findings and Recommendations, plaintiff may file written
27 objections with the court. The document should be captioned "Objections to Magistrate Judge's
28 Findings and Recommendations." Plaintiff is advised that failure to file objections within the

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   June 26, 2008**                             **/s/ Dennis L. Beck**
                                                                  UNITED STATES MAGISTRATE JUDGE