1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JACK ALEXANDER BOKIN,                    1:04-cv-06078 AWI-DLB (PC)

12          Plaintiff,                        FINDINGS AND RECOMMENDATION TO
                                              DISMISS CASE FOR FAILURE TO OBEY A
13      vs.                                   COURT ORDER

14   CALIFORNIA DEPARTMENT OF                 OBJECTIONS, IF ANY, DUE IN 30 DAYS
     CORRECTIONS,  ET AL.
15

16          Defendants.

17   _____/

18      On October 21, 2008, the court issued an order granting plaintiff a fourth and final

19   extension of time to respond to defendants' Motion to Dismiss filed in May 2008, within thirty

20   (30) days.  The thirty (30)-day period has now expired, and plaintiff has not filed a response or

21   otherwise responded to the court's order.

22      Local Rule 11-110 provides that "failure of counsel or of a party to comply with these

23   Local Rules or with any order of the Court may be grounds for the imposition by the Court of any

24   and all sanctions . . . within the inherent power of the Court."  District courts have the inherent

25   power to control their dockets and "in the exercise of that power, they may impose sanctions

26   including, where appropriate . . . dismissal of a case."  Thompson v. Housing Auth., 782 F.2d

-1-

1   829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's

2   failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.

3   See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with

4   local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to

5   comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-

6   41 (9th Cir. 1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs to

7   keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir.

8   1987)(dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421,

9   1424 (9th Cir. 1986)(dismissal for failure to lack of prosecution and failure to comply with local

10  rules).

11          In determining whether to dismiss an action for lack of prosecution, failure to obey a

12  court order, or failure to comply with local rules, the court must consider several factors: (1) the

13  public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket;

14  (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on

15  their merits; and (5) the availability of less drastic alternatives.  Thompson, 782 F.2d at 831;

16  Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali,

17  46 F.3d at 53.

18          In the instant case, the court finds that the public's interest in expeditiously resolving this

19  litigation and the court's interest in managing the docket weigh in favor of dismissal.  The third

20  factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of

21  injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v.

22  Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring

23  disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal

24  discussed herein.  Finally, a court's warning to a party that his failure to obey the court's order

25  will result in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik v.

26  Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The court's

-3-

1  order expressly stated:"Failure to comply with this order shall result in the recommendation that

2  this action be dismissed for plaintiff's failure to prosecute and failure to obey a court order."

3  Thus, plaintiff had adequate warning that dismissal would result from his noncompliance with

4  the court's order.

5       Accordingly, the court HEREBY RECOMMENDS that this action be dismissed based on

6  plaintiff's failure to obey the court's order of October 21, 2008.

7       These findings and recommendations are submitted to the United States District Judge

8  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty days

9  after being served with these findings and recommendations, plaintiff may file written objections

10 with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings

11 and Recommendations."  The parties are advised that failure to file objections within the

12 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

13 F.2d 1153 (9th Cir. 1991).

14     IT IS SO ORDERED.

15   **Dated:   December 2, 2008**         **/s/ Dennis L. Beck**
                            UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26