# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK ALEXANDER BOKIN, | 1:04-cv-06078-LJO-DLB (PC) |
| Plaintiff, | ORDER REQUIRING DEFENDANTS TO FILE FURTHER REPLY |
| v. | |
| A. SCRIBNER, et al., | REPLY DUE WITHIN TEN DAYS |
| Defendants. | |

**I.    Order**

Plaintiff Jack Alexander Bokin ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This is proceeding on Plaintiff's amended complaint, filed January 8, 2007, against defendants Scribner, Knowles, Sherman, Winkler, Emigh, and Reyes ("Defendants") for violation of Plaintiff's due process rights under the Fourteenth Amendment. (Doc. 9.)

On May 2, 2008, Defendants Knowles, Sherman, Winkler, Emigh, and Reyes filed a motion to dismiss for Plaintiff's alleged failure to exhaust available administrative remedies. (Doc. 23.) Defendant Scribner, in a motion filed on May 20, 2008, moved to join the motion to dismiss. (Doc. 25.) Defendants contend that Plaintiff filed two administrative grievances related to Plaintiff's complaint: MCSP-02-1566, concerning Plaintiff's transfer to the Corcoran SHU,

1  and MCSP-02-1098, concerning disciplinary actions.  Defendants submit evidence that both of
2  these claims were denied at the second level of review and never appealed to the Director's level.
3  (Doc. 23, p. 5; Exh. A, Reyes Decl., ¶¶ 6-8 and Exh. A-1; Exh. B, Jones Decl. ¶¶ 6-7; Exh. C,
4  Grannis Decl., ¶¶ 5-7.)

5        On December 1, 2008, Plaintiff filed his opposition.  (Doc. 41.)  Regarding MCSP-02-
6  1566, Plaintiff contends that he never received the second level response after his transfer to the
7  Corcoran SHU.  Plaintiff contends that through no fault of his own he was unable to appeal to the
8  third formal level and thus unable to exhaust administrative remedies.  (Doc. 41, p. 4:19-26 and
9  Exh. C.)

10        On December 11, 2008, Defendants filed their reply.  (Doc. 44.)  Defendants contend that
11  MCSP-02-1098, concerning disciplinary issues, was reviewed in June 2002, and MCSP-02-1566,
12  concerning transfer, was reviewed in August 2002, thus demonstrating that prison officials
13  complied with procedural time constraints for prisoner grievances.  (Doc. 44, p. 3:1-4; Doc. 23-2,
14  Reyes Decl., Exh. A-1.)  Defendants' submitted evidence indicates that the second level review
15  of MCSP-02-1566 was completed on August 23, 2002.  (Doc. 23-2, p. 5, Exh. A-1.)

16        Prisoners are required to exhaust the available administrative remedies prior to filing suit.
17  42 U.S.C. § 1997e(a); Jones v. Bock, 127 S. Ct. 910, 918-19 (2007).  However, Section 1997e(a)
18  does not impose a pleading requirement, but rather, is an affirmative defense under which
19  defendants have the burden of raising and proving the absence of exhaustion.  Jones, 127 S. Ct.
20  at 921; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  Defendants fail to address
21  Plaintiff's contention that he never received the second level response to MCSP-02-1566.
22  Defendants do not contend that Plaintiff had other means by which to appeal his grievance
23  without possessing the second level response.  A Director's level response is not necessary to
24  satisfy the exhaustion requirement when all available administrative remedies have been utilized.
25  See Brown v. Valoff, 422 F.3d 926, 935-36 (9th Cir. 2005) ("[A] prisoner need not press on to
26  exhaust further levels of review once he has either received all 'available' remedies at an
27  intermediate level or has been reliably informed by an administrator that no remedies are
28  available.").

1     The Court will thus require Defendants to respond to Plaintiff's contention that he never
2 received the second level response to MCSP-02-1566.  Within ten (10) days from the filing of
3 this order, Defendants must submit a reply regarding this issue
4     Accordingly, it is HEREBY ORDERED that Defendants Emigh, Knowles, Reyes,
5 Sherman, Scribner, and Winkler file a reply within **ten (10)** days of the filing of this order
6 addressing Plaintiff's contention that he was unable to exhaust available administrative remedies
7 through no fault of his own.

9     IT IS SO ORDERED.
10     Dated:   **January 6, 2009**           /s/ **Dennis L. Beck**
                                                    UNITED STATES MAGISTRATE JUDGE