UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK ALEXANDER BOKIN,<br><br>                    Plaintiff,<br><br>       v.<br><br>A. SCRIBNER, et al.,<br><br>                    Defendants.<br>_____ / | 1:04-cv-06078-AWI-DLB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES BE GRANTED AND PLAINTIFF'S ACTION BE DISMISSED WITHOUT PREJUDICE<br><br>(Docs. 23 & 25)<br><br>OBJECTION DUE WITHIN 20 DAYS |

**I.    Findings**

   **A.    Procedural History**

   Jack Alexander Bokin ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This is proceeding on Plaintiff's amended complaint, filed January 8, 2007, against defendants Scribner, Knowles, Sherman, Winkler, Emigh, and Reyes ("Defendants") for violation of Plaintiff's due process rights under the Fourteenth Amendment.  On May 2, 2008, pursuant to Federal Rule of Civil Procedure 12(b)(6) and the unenumerated portion of Rule 12(b),  Defendants Emigh, Knowles, Reyes, Sherman, and Winkler filed a motion to dismiss for  failure to state a claim upon which relief

may be granted and for failure to exhaust available administrative remedies. (Doc. 23.) On May 20, 2008, Defendant Scribner moved to join the other Defendants' motion to dismiss. (Doc. 25.)[1] On December 1, 2008, Plaintiff filed his opposition to Defendants' motion to dismiss. (Doc. 41.)[2] On December 11, 2008, Defendants filed their reply to Plaintiff's opposition. (Doc. 44.) On January 7, 2009, the Court ordered Defendants to file a further reply. (Doc. 45.) On January 12, 2009, Defendants filed their reply to the Court's order. (Doc. 46.)

### B. Motion to Dismiss For Failure to Exhaust Available Administrative Remedies

#### 1. Legal Standard

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 127 S. Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Chruner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. Jones, 127 S. Ct. at 921; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th

---

[1] The Court hereby orders Defendant Scribner's Motion To Join Defendants Emigh, Knowles, Reyes, Sherman, and Winkler's Motion To Dismiss be GRANTED.

[2] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion and a Rule 12(b)(6) motion on February 28, 2008. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). (Doc. 17.) Plaintiff had been granted four extensions of time to respond, with the final extension given on October 21, 2008. (Doc. 39.)

1 Cir. 1988) (per curiam)). In deciding a motion to dismiss for failure to exhaust administrative
2 remedies, the court may look beyond the pleadings and decide disputed issues of fact. Wyatt,
3 315 F.3d at 1119-20. If the court concludes that the prisoner has failed to exhaust administrative
4 remedies, the proper remedy is dismissal without prejudice. Id.

5       The California Department of Corrections has an administrative grievance system for
6 prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2007). The process is initiated by
7 submitting a CDC Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including
8 the informal level, first formal level, second formal level, and third formal level, also known as
9 the "Director's Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days
10 of the event being appealed, and the process is initiated by submission of the appeal to the
11 informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c). In
12 order to satisfy section 1997e(a), California state prisoners are required to use this process to
13 exhaust their claims prior to filing suit. Woodford v. Ngo, 126 S. Ct. 2378, 2383 (2006);
14 McKinney, 311 F.3d at 1199-1201.

15           **2.**     **Exhaustion of Available Administrative Remedies**

16       Plaintiff's amended complaint is proceeding against Defendants Knowles, Scribner,
17 Sherman, Winkler, Emigh, and Reyes for allegedly violating Plaintiff's due process by placing
18 Plaintiff in the Corcoran Security Housing Unit (SHU). Defendants contend that Plaintiff has
19 failed to exhaust administrative remedies regarding his claim. Defendants contend that Plaintiff
20 filed two administrative grievances related to Plaintiff's complaint: MCSP-02-1566, concerning
21 Plaintiff's transfer to the Corcoran SHU, and MCSP-02-1098, concerning disciplinary actions.
22 Both of these claims were denied at the second level of review and never appealed to the
23 Director's level. (Doc. 23, p. 5; Exh. A, Reyes Decl., ¶¶ 6-8 and Exh. A-1; Exh. B, Jones Decl.,
24 ¶¶ 6-7; Exh. C, Grannis Decl., ¶¶ 5-7.) Regarding Defendant Sherman, Defendants further
25 contend that Sherman's alleged conduct occurred four months after second level review of
26 Plaintiff's grievances. (Doc. 23, p. 5.) Plaintiff raises several arguments in opposition. Each
27 party's contentions are addressed below.
28

**a. Grievance No. COR 02-03823 and Other Grievances Filed While At Corcoran**

First, Plaintiff contends that he had exhausted administrative remedies with Grievance No. COR 02-03823. (Doc. 41, Exh. A, p. 13.) Grievance No. COR 02-03823 concerned the confiscation of Plaintiff's typewriter at California Substance Abuse Treatment Facility. (Id., p. 2:2-28 and Exh. A, p. 13.) Plaintiff contends that because he had raised this grievance in his complaint, and had received a response at the Director's level prior to the filing of his complaint, Plaintiff had exhausted administrative remedies. (Id.)

Defendants in their reply contend that this grievance cannot be used to demonstrate exhaustion because it concerns confiscation of property, a claim that the Court had already dismissed. (Doc. 44, p. 2 (citing Docs. 11 and 13.))

On October 3, 2007, the Court issued a Findings and Recommendations recommending that this action proceed against Defendants for Plaintiff's Due Process claims regarding his confinement in the SHU as an atypical and significant hardship. (Doc. 11, p. 2:11-12.) The Court also found that Plaintiff failed to state a cognizable due process claim for the alleged taking of his personal property, and recommended dismissal of that claim. (Id., p. 2:20-22.) On December 21, 2007, the District Court issued an order adopting this Court's Findings and Recommendations. (Doc. 13.) Grievance No. COR 02-03823 concerns the taking of personal property, not Plaintiff's confinement in the SHU. Plaintiff thus fails to exhaust administrative remedies for Plaintiff's surviving due process claim with Grievance No. COR 02-03823.

Plaintiff also contends that he filed six grievances while confined at Corcoran SHU. Only four were returned. (Doc. 41, Exh. C, p. 21.) Plaintiff contends that four of the grievances addressed issues such as conditions of confinement in the SHU, demand for removal from the SHU, disposal of personal property, and a demand for an answer to an earlier appeal. (Doc. 41, p. 4 and Exh. B, pp.15-19.) Plaintiff argues that prison officials at Corcoran SHU failed to comply with its own procedural rules regarding exhaustion by failing to answer Plaintiff's appeals. (Id., p. 6.) Plaintiff submits as exhibits a Director level response to one of Plaintiff's

4

grievances and three other grievances filed at Corcoran. (Id., Exh. B, pp. 15-19.) Plaintiff does not submit a grievance concerning conditions of confinement in the SHU.

Defendants in their reply contend that the first was screened out for failure to comply with the appeals process. (Doc. 44, p. 2; Doc. 41, Exh. B.) Defendants contend that the latter three appeals concerned the due process claims that are duplicative of those grievances filed at MCSP and would be screened out accordingly. (Doc. 44, p. 2:24-28 to 3:1-4.)

The Director's level response submitted by Plaintiff does not describe the nature of the appeal. It appears to be a response to Plaintiff's grievance requesting a status report on another appeal. (Doc. 41, Exh. B, p. 16.) The Director's level response indicates that Plaintiff's appeal was rejected, withdrawn, or cancelled and that Plaintiff should contact his Appeals Coordinator if he disagrees. (Doc. 41, Exh. B, p. 15.) Plaintiff's three other submitted grievances concern: a demand for response to a previous appeal regarding Plaintiff's property; erroneous placement in the Corcoran SHU; and a grievance regarding Plaintiff's typewriter. (Doc. 41, Exh. B, pp. 16-19.) As stated previously, the Court had dismissed Plaintiff's due process claim regarding personal property, and thus all grievances concerning his personal property cannot be used to exhaust administrative remedies for this claim. Plaintiff's grievance concerning his Corcoran SHU placement appears duplicative of Grievance MCSP-02-1566, which concerns Plaintiff's transfer to the Corcoran SHU. (See Doc. 9, Exh. C, pp. 67-72.) Inmate appeals may be rejected if the appeal duplicates an inmate's previous appeal upon which a decision has been rendered or is pending. Cal. Code Regs. tit. 15 § 3084.3(c)(2). That grievance would thus be properly rejected. Thus, the only Corcoran grievance that possibly remains to demonstrate Plaintiff exhausted administrative remedies would be the grievance concerning conditions in the SHU, which Plaintiff contends disappeared without a response. (Doc. 41, p. 4:2-3.)

**b. Grievances MCSP 02-0198 and MCSP-02-1566**

Plaintiff also contends that he was unable to exhaust administrative remedies for Grievance MCSP-02-1566 because he never received the second level response after his transfer to Corcoran SHU on June 19, 2002. Plaintiff contends that defendant Reyes failed to forward

1  the second level response to Plaintiff while Plaintiff was in the Corcoran SHU.  Plaintiff
2  contends that he could not continue his appeal to the Director level through no fault of his own.
3  Plaintiff submits an affidavit stating that defendant Reyes had terminated Plaintiff's appeal at
4  MCSP, which thus prevented Plaintiff from appealing to the Director level.  (Doc. 41, Exh. C.)
5  Plaintiff does not address MCSP-02-0198.

6        Defendants in their reply contend that MCSP-02-1098, concerning disciplinary issues,
7  was reviewed in June 2002, and MCSP-02-1566, concerning transfer, was reviewed in August
8  2002, thus demonstrating that Defendants complied with procedural time constraints for prisoner
9  grievances.  (Doc. 44, p. 3:1-4; Doc. 23, Reyes Decl. Exh. A-1.)[3]

10       Plaintiff does not address Grievance MCSP-02-1098.  The Court finds that Grievance
11 MCSP-02-1098 cannot be used to demonstrate exhaustion of administrative remedies by Plaintiff
12 for this action.

13       On January 7, 2009, the Court issued an order requiring Defendants to file a further reply
14 addressing Plaintiff's contention that he never received the second level response to MCSP-02-
15 01566.  (Doc. 45.)  Defendants contend that Plaintiff's amended complaint demonstrates that
16 Plaintiff received the second level response to MCSP-02-01566.  (Doc. 46, p. 2:17-18; Doc. 9,
17 Exh.C,  pp. 67-72.)  Defendants contend that Plaintiff's own evidence contradicts his claim that
18 he never received the second level response and was thus unable to appeal to the Director level.
19 (Doc.  46, p. 2:24-25.)

20       In his amended complaint, Plaintiff submitted as an exhibit MCSP-02-01566 and the
21 second level response from Warden Knowles.  (Doc. 9, Exh. C, pp. 67-72.)  In Section G of the
22 form, which contains the second level response taken, date stamps indicate the response was
23 completed on August 23, 2002, and returned to Plaintiff on August 26, 2002.  (Id., p. 68.)
24 Section H of the form, which provides space for inmates to list the reason for a Director's level

---

[3] Defendants in their reply stated that second-level responses to MCSP-02-01566 and MCSP-02-01098 were completed in June 2002 and August 2002, respectively. (Doc. 44, p. 3:1-4.)  An examination of Defendants' submitted evidence indicates that the second level response to MCSP-02-01098 was completed on June 19, 2002, and the second level response to MCSP-02-01566 was completed on August 23, 2002. (Doc. 23-2, Reyes Decl., Exh. A-1.)

1 review, appears signed by Plaintiff, and dated September 12, 2002. (Id.) [4]  Further, Defendants
2 submitted evidence that Plaintiff never appealed this grievance to the Director's level. (Doc. 23,
3 Exh. C, Grannis Decl., ¶¶ 5-7.) Inmates appealing an unacceptable lower level appeal decision
4 must submit the appeal within 15 working days of either 1) the event or decision being appealed,
5 or 2) receiving the appeal decision. Cal. Code Regs., tit. 15 § 3084.6(c).

6   Having considered all the evidence submitted by both parties, the Court finds that
7 Defendants have met their burden to demonstrate that Plaintiff failed to exhaust available
8 administrative remedies. Plaintiff's contention that he failed to receive the second level response
9 for MCSP-02-01566 is not borne out by the submitted evidence. Plaintiff received the second
10 level response, failed to appeal to the Director's level and thus failed to exhaust administrative
11 remedies with this grievance.

12   Plaintiff's other grievances also fail to demonstrate that Plaintiff exhausted administrative
13 remedies. Plaintiff's grievances concerning the deprivation of property are not relevant for
14 purposes of exhaustion in this action. Plaintiff's grievance concerning confinement in the SHU
15 filed while at Corcoran appears duplicative of the same issue raised in Grievance MCSP-02-
16 01566. Any rejection was thus proper. The only argument possibly in Plaintiff's favor is
17 Plaintiff's contention that he submitted a grievance concerning conditions in the SHU that was
18 lost and never returned. It is unclear whether Plaintiff would have raised issues in that grievance
19 that are 1) not duplicative of the issues raised in MCSP-02-01566 or 2) relevant to the due
20 process claim here. Plaintiff's assertions are thus insufficient to overcome Defendants'
21 arguments.

22   "[P]roper exhaustion of administrative remedies is necessary" and the exhaustion
23 requirement may not be satisfied "by filing an untimely or otherwise procedurally defective . . .
24 appeal." Woodford, 126 S. Ct. at 2382. "Proper exhaustion demands compliance with an
25 agency's deadlines and other critical procedural rules . . . ." Id. at 2386. The Court finds that

---

[4] Regarding the Director's action taken, the box for "Denied" is marked. However, Plaintiff does not
27 contend that MCSP-02-01566 was actually denied at the Director's level. Plaintiff contends instead that he never
received the second level response. (Doc. 41, Exh. C, p. 21:15-17.)

1 Defendants have met their burden to demonstrate that Plaintiff failed to exhaust administrative
2 remedies and Defendants' motion to dismiss for Plaintiff's failure to exhaust available
3 administrative remedies should be granted.  The proper remedy should be dismissal without
4 prejudice.  Wyatt, 315 F.3d at 1119-20.

5 Based on the Court's finding that Plaintiff did not exhaust the available administrative
6 remedies prior to filing suit, the Court does not reach Defendants' other arguments.  See Perez v.
7 Wisconsin Dep't of Corr., 182 F.2d 532, 534 (7th Cir. 1999) (vacating judgment and remanding
8 with instructions to dismiss for failure to exhaust in case where district court granted summary
9 judgment to defendants on the merits and did not rule on their pending motion for dismissal
10 based on failure to exhaust).

**II.     Recommendations**

For the foregoing reasons, the Court HEREBY RECOMMENDS that Defendants' motion to dismiss for failure to exhaust available administrative remedies, filed on May 2, 2008, should be GRANTED, and that Plaintiff's amended complaint, filed on January 8, 2007, should be DISMISSED without prejudice.  The Court does not reach Defendants' other arguments.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **twenty (20) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 17, 2009**            **/s/ Dennis L. Beck**
                                          UNITED STATES MAGISTRATE JUDGE